# United States District Court
# District of Massachusetts

| | | |
|---|---|---|
| ALEXANDER HILTON<br><br>v.<br><br>JOHN KERRY, UNITED STATES SECRETARY OF STATE; ERIC HOLDER, UNITED STATES ATTORNEY GENERAL; JOHN BIBBONS, UNITED STATES MARSHALL, DISTRICT OF MASSACHUSETTS | ) | **CIVIL ACTION**<br>**No. 13-11710-TSH** |

**ORDER ON ALEXANDER HILTON'S MOTION TO STAY DENIAL OF HABEAS PETITION AND ALLOW CONTINUED BAIL PENDING APPEAL (Doc. No. 14)**
**December 2, 2013**

HILLMAN, D.J.

On October 22, 2013 this Court issued a decision dismissing Alexander Hilton's ("Hilton") Petition for Writ of Habeas Corpus. Hilton filed an appeal of the decision with the Court of Appeals on November 19, 2013. Hilton now asks this Court to stay that decision and permit Hilton to remain on bail pending the appeal. For the reasons set forth below, Hilton's motion is granted. This Court's decision will be stayed and Hilton will be allowed to remain on bail pending his appeal so long as Hilton provides this Court with status updates every 30 days showing that the appeal is moving forward expeditiously.

## Background

Hilton attended the University of St. Andrews in Scotland from September 2009 through March 2011. Scottish authorities allege that on March 5, 20011 Hilton attempted the murder of a fellow student, Robert Forbes, by spiking a bottle of wine with methanol, giving it to Forbes, and

encouraging Forbes to drink it. Forbes drank the wine and fell ill. On December 2, 2011, after Hilton had returned to the United States, Scottish authorities charged Hilton with attempted murder and issued a warrant for his arrest.

On February 12, 2013 the United States filed a complaint seeking an arrest warrant and the extradition of Hilton, who was arrested the next day. Hilton has a long and continuing history of mental illness. He currently receives seven different medications for his mental health issues and sees a psychotherapist three times a week and a psychiatrist every other week. After Hilton was arrested and detained pursuant to the United States' complaint for extradition, he engaged in suicidal behavior and was put on suicide watch.

On March 5, Magistrate Judge Boal issued a decision releasing Hilton on bail, subject to conditions, based primarily on his mental health. On March 7, 2013 Judge Boal held an extradition hearing. In this hearing, Hilton argued that he should not be extradited due to his mental illness and because Scottish law only requires a majority of 15 jurors to return a guilty verdict. On May 3, 2012 Judge Boal issued a decision finding Hilton extraditable along with a Certificate of Extraditability. Judge Boal stayed the effect of the certificate for 60 days to allow Hilton to file a petition for a writ of habeas corpus seeking review of that decision, and ordered that Hilton remain on the same bail conditions during the stay. Hilton filed a petition for writ of habeus corpus, raising the same arguments he did before the Magistrate Judge, which this Court denied. As a result, Judge Boal's Certificate of Extraditability was upheld and her order that Hilton must surrender for commitment with 30 days after a denial of his petition was to go into effect November 21.

Hilton now asks this Court to stay its decision and permit him to remain on bail while his appeal is pending because Hilton has raised novel issues that present serious and difficult

questions of law and because of the irreparable harm Hilton would suffer if he was surrendered to the Scottish authorities during the pendency of his appeal.

**<u>Discussion</u>**

*Motion to Stay*

A federal court can stay the enforcement of a judgment pending the outcome of an appeal "as part of its traditional equipment for the administration of justice." *Nken v. Holder*, 556 U.S. 418, 421 (2009). Granting a stay is "an exercise of judicial discretion" the propriety of which "is dependent upon the circumstances of the particular case." *Id*. at 433 (internal quotations omitted). The party seeking a stay bears the burden of showing a stay is appropriate. *Id*. at 433-34. A Court should consider the following four factors when ruling on a motion to stay: " (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 434. The first two factors are the most critical. *Id*.

For the first factor, the likelihood of success on the merits, a petitioner must show "more than a mere possibility of relief." *Id*. However, "the moving party need not persuade the court that is it likely to be reversed on appeal," but must only show "the appeal raises serious and difficult questions of law in an area where the law in somewhat unclear." *Canterbury Liquors & Pantry v. Sullivan*, 999 F. Supp. 144, 150 (D. Mass. 1998). While this Court believes its decision, and the decision on extradition issued by Judge Boal, were correctly decided, the issue of the extradition of seriously mentally ill citizens is certainly a serious and difficult one that has yet to be directly addressed by the higher courts.

More importantly, the risk of irreparable harm in this case is great. If this decision is not stayed, the government could send Hilton to Scotland while his appeal is pending. There is ample evidence, and the government does not deny, that Hilton is seriously mentally ill. He receives significant treatment for his mental illness from a team of medical professionals, including intensive psychotherapy and a drug regimen that include seven psychotropic medications. He has improved while under the care of his medical team and family, but several of his doctors have opined that any disruption in treatment would greatly increase the risk of suicide. Last time he was incarcerated, he attempted suicide and was placed on suicide watch. Transfer to Scotland would make it impossible to continue this level of medical care and would likely cause Hilton to deteriorate. Hilton also receives significant support and assistance from his mother, who is suffering from Stage III breast cancer and as a result could not be with Hilton should he be transferred to Scotland. One of Hilton's treating doctors noted that without his mother's assistance, Hilton is at a high risk for self harm and suicide. The risk of suicide in this case is serious, and it is the ultimate irreparable harm. If the risk of such harm can be avoided, it should be.

The harm to the government and the public is comparatively small. The government correctly points out that the public has an interest in ensuring the government abides by its treaty obligations and seeing legal extraditions carried out in a timely manner. *Artukovic v. Rison*, 784 F.2d 1354, 1355 (9th Cir. 1986); *Gamez v. Stafford,* 2012 WL 4471579 (S.D.Cal. 2012). However, this potential harm can be minimized by an order of this Court, while the risk to Hilton's life cannot be so easily diminished.

Balancing the factors listed above, this Court finds that the risk of irreparable harm weighs heavily in favor of granting a stay, and that while Hilton has not demonstrated a

probability of success on the merit, he has raised at least one issue sufficiently serious and difficult that the first factor weighs slightly in favor of granting a stay. The harm to the government and to the public is not sufficient to alter the balance in favor of denying the stay. However, this Court acknowledges the importance of ensuring this case moves forward in a timely matter. Therefore the stay of this Court's decision on Hilton's Petition for Writ of Habeas Corpus is granted on the condition that Hilton exercises due diligence in moving his appeal forward and make a status report to this Court on the progress of the appeal every 30 days.

*Motion to Continue Bail*

Hilton asks to remain released on bail under the same conditions ordered by Magistrate Judge Boal. The government does not object. This Court notes that Hilton has fully complied with his bail conditions and orders he continue his release on bail under those same conditions for the reasons given by Judge Boal.

**Conclusion**

Hilton's motion to Stay the Denial of the Habeas Petition and Allow Continued Bail Pending Appeal is ***granted***. The parties are directed to file a joint report reflecting the status of his appeal on January 10, 2014, and every 30 days thereafter until further order of the Court.

**SO ORDERED**

/s/ ***Timothy S. Hillman***
TIMOTHY S. HILLMAN
DISTRICT JUDGE